<pre>
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF WISCONSIN
</pre>

|  |  |
|---|---|
| American Towers LLC., a Delaware<br>limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>Polnet Communications, Ltd., an<br>Illinois Corporation,<br><br>     Defendant. | Court File No. 16-cv-00781-DEJ<br><br><br><br>**JOINT REPORT OF RULE 26(f)<br>CONFERENCE** |

The pretrial conference in this matter has been scheduled for September 1, 2016, before United States Judge J P Stadtmueller. Plaintiff's counsel will be participating by telephone.

**A.**   <u>**Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**</u>

  (1) Date and place at which the meeting was held:

Plaintiff's counsel Joshua A. Hasko, Esq. and Defendant's counsel Kevin V. Hunt participated in a phone conference on August 30, 2016 as required by Fed. R. Civ. P. 26(f) and prepared the following report.

  (2) Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting:

<u>Plaintiff</u>
American Towers LLC
10 Presidential Way
Woburn, MA 01801

Plaintiff was represented by Joshua A. Hasko, Messerli & Kramer P.A., 100 South Fifth Street, Suite 1400, Minneapolis, MN 55402, Telephone: 612-672-3665.

Defendant
Polnet Communications, Ltd.
3656 W. Belmont Avenue
Chicago, IL 60618

Defendant was represented by Kevin V. Hunt, Stahl Cowen Crowley Addis LLC, 55 West Monroe, Suite 1200, Chicago, IL 60603, Telephone: 312-641-0060.

(3) Name of insurance carriers that may be liable for the defense or payment of any damage award:

None.

(4) Agenda of matters to be discussed at the pretrial conference:

The parties discussed scheduling matters as well as a possible framework for settlement.

**B.  DESCRIPTION OF CASE**

(1) Concise Factual Summary of Plaintiff's Claims:

American Towers LLC ("AT") is in the business of leasing and licensing cellular sites and towers to customers, who use the sites and towers to provide cellular, wireless, radio, and television services to their network of subscribers. The cellular tower site at issue in this matter is located in Milwaukee, Wisconsin.

On or about December 21, 2009, AT's predecessor, American Towers, Inc., and Defendant Polnet Communications, Ltd. ("Polnet") entered into a License Agreement ("License Agreement"), pursuant to which Polnet received use of tower site number 75054, located in Milwaukee, Wisconsin (the "Milwaukee Tower") in exchange for monthly license fees. AT fully performed under the License Agreement, however, Polnet has failed to make the required monthly license fee payments. AT has provided Polnet with written notice and an opportunity to cure, but payment has still not been made and Polnet is in breach of the License Agreement. As such, and pursuant to the terms of the License Agreement, AT has accelerated all amounts due.

Based on the acceleration provisions in the License Agreement, AT seeks damages in excess of $272,938.06, which constitutes the remaining fee payments under the License Agreement discounted by an annual percentage rate equal to 5%, accrued late fees and interest to date, in addition to interest and late fees to be accrued in the future, removal and storage fees for the equipment, if any, reasonable attorneys' fees and costs, and field verification expenses and other costs associated with Polnet's breach, the exact amount to be determined at trial. AT also seeks an order for the removal of Polnet's property or equipment, if any, located on the Milwaukee Tower site.

(2) Concise Factual Summary of Defendant's Defenses/Claims:

Polnet entered into the License Agreement with American Towers Inc. Polnet has raised four separate defenses to the AT's claims. First, Polnet claims that the notice provided is defective in that it was improperly addressed and was not sent by the correct party. Second, AT allowed a large amount of fees, interest and charges to accrue without seeking payment from Polnet. Third, AT has failed to mitigate its damages where it failed to obtain a new licensee. Fourth, AT failed to send monthly invoices requesting payment from Polnet.

(3) Statement of Jurisdiction:

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and Plaintiff and Defendant are of diverse citizenship. The Court has personal jurisdiction over Polnet by virtue of its continuous, systematic, and substantial contacts with the State of Wisconsin, including the leasing of property located in the State of Wisconsin. Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to AT's claims occurred in this judicial district, and the licensed property at issue in this action is located in this judicial district.

C. **DISCOVERY PLAN**

(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

None.

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The parties do not believe discovery should be conducted in phases. Fact discovery shall be commenced in time to be completed on or before February 15, 2017. Plaintiff shall disclose expert witnesses by March 15, 2017, and Defendant shall disclose expert witnesses by April 17, 2017. The deadline to amend the pleadings shall be February 28, 2017.

Discovery shall focus on the allegations contained in Plaintiff's Amended Complaint including, but not limited to, the amount due by Polnet to AT under the terms of the License Agreement; and Polnet's defenses to the Amended Complaint.

(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

The parties will attempt to produce documents in .pdf format unless otherwise requested and agreed upon.

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties will utilize a privilege log in response to claims of privilege. The parties agree that this case may involve confidential information. The parties will attempt to reach an agreement on a proposed protective order to submit to the Court, if applicable.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

None.

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The parties request that a dispositive and non-dispositive motion hearing date be set no earlier than <u>April 28, 2017</u> and trial date be set no earlier than <u>August 1, 2017</u>. The parties are also agreeable to participate in mediation before trial.

MESSERLI & KRAMER P.A.


Dated: August 30, 2016          *s/ Joshua A. Hasko*
                                Joshua A. Hasko
                                Matthew P. Lindeman
                                100 South Fifth Street, Suite 1400
                                Minneapolis, MN  55402-4218
                                Telephone: (612) 672-3600
                                jhasko@messerlikramer.com
                                mlindeman@messerlikramer.com

                                ATTORNEYS FOR PLAINTIFF



                                STAHL COWEN CROWLEY ADDIS LLC


Dated: August 30, 2016          *s/ Kevin V. Hunt*
                                Kevin V. Hunt
                                55 West Monroe Street, Suite 1200
                                Chicago, IL 60603
                                Telephone: (312) 377-7764
                                khunt@stahlcowen.com

                                ATTORNEYS FOR DEFENDANT